IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Huntington

INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 HEALTH AND WELFARE FUND;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 PENSION FUND; INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL NO. 132
APPRENTICESHIP AND SKILL IMPROVEMENT FUND;
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132 ANNUITY AND SAVINGS FUND; and
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 132, AFL-CIO,

      Plaintiffs,

v.                                                                                    Civil Action No. <u>3:19-cv-00734</u>

BECKLEY DRILLING & BLASTING SERVICES, INC.
a West Virginia corporation,

      Defendant.

## COMPLAINT

Your plaintiffs respectfully complain and say unto the Court as follows:

1. Jurisdiction of the Court is invoked under the provisions of Section 502 and 515 of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act (MPPAA), 29 U.S.C. §§ 1132(g) and 1145, and under Section 301 of the Labor Management Relations Act of 1974, (LMRA), 29 U.S.C. § 185.

2. The Plaintiff, International Union of Operating Engineers, Local No. 132 Health and Welfare Fund (Health Fund), is a non-profit organization operated for the purpose of providing

1

health and welfare benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Pension Fund (Pension Fund) is a non-profit organization operated for the purpose of providing pension benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Apprenticeship and Skill Improvement Fund (Apprenticeship Fund) is a non-profit organization operated for the purpose of providing training to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132 Annuity and Savings Fund (Annuity Fund) is a non-profit trust organization operated for the purpose of providing annuity benefits to its participating members and is an "Employee Benefit Plan" as defined by ERISA. The Plaintiff, International Union of Operating Engineers, Local No. 132, AFL-CIO (Union), is a labor organization representing employees for collective bargaining purposes and is a "Union" as defined by LMRA. The situs of the Plaintiff Health Fund, Pension Fund, Apprenticeship Fund and Annuity Fund are within the Southern District of the State of West Virginia.

3. The Defendant, Beckley Drilling & Blasting Services, is a West Virginia Corporation actively engaged in the construction industry and actively doing business in the State of West Virginia. The Defendant is an "employer" as defined in ERISA.

4. At all times material to this action, the Defendant was bound to the terms and conditions of a collective bargaining agreement commonly referred to as the "WV Heavy and Highway Agreement" by and between the Constructors Labor Council of West Virginia, Inc. and the International Union of Operating Engineers, Local No. 132, AFL-CIO, which agreement provided

that the Defendant would report and make monthly contributions to the Plaintiffs on behalf of its employees who are covered by such collective bargaining agreement.

5. At all times material to this action, the Defendant was bound to the terms and conditions of a collective bargaining agreement commonly referred to as the "Building Trades Agreement" by and between the West Virginia Construction Council affiliated with Construction Employers Association of North Central West Virginia, Inc., Kanawha Valley Builders Association, Ohio Valley Construction Employers Council, Parkersburg-Marietta Contractors Association, Tri-State Contractors Association of Huntington, West Virginia, and the International Union of Operating Engineers, Local Union No. 132, AFL-CIO, which agreement provided that the Defendant would report and make monthly contributions to the Plaintiffs on behalf of its employees who are covered by such collective bargaining agreements.

6. At all times material to this action, the Defendant was bound to the terms and conditions of a Fringe Benefit Program agreement whereby the Defendant agreed to be bound by all of the terms and conditions of the Agreements and Declarations of Trust for each of the Plaintiff trust funds and to pay timely contributions to each Fund as such contribution amounts are set forth in the then current collective bargaining agreement.

7. At all times material to this action, the Defendant was required to deduct from employees' wages administrative dues equal to four percent (4%) of gross wages and remit the same to the Union pursuant to the aforementioned collective bargaining agreements.

8. Pursuant to the Plaintiff Funds' Trust Agreements, the Defendant is required to provide access to the records necessary for the Trust Funds to determine whether the defendant has complied with its obligations to contribute to the Plaintiff Trust Funds.

9. Pursuant to the Plaintiff Funds' Trust Agreements, the Plaintiffs have requested access to the payroll records of the Defendant in order to complete an audit of the Defendant, commencing January 1, 2015, to determine if the Defendant is correctly reporting and paying all contributions owed. Irrespective of the Plaintiffs' requests to do so, the Defendant has failed and refused to allow the audit of its payroll records.

10. Unless the Defendant is required to comply with the requested audit, to file all necessary reports, and to pay all contributions owed, the Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

11. The Defendant has failed to timely report and pay the required contributions to the Plaintiff Funds and the administrative dues to the Plaintiff Union as required by the above referenced collective bargaining agreements for its employees for all work performed commencing January 1, 2015, and continuing through December 31, 2016.

12. Pursuant to the above referenced collective bargaining agreements, Plaintiff Funds' Trust Agreements and Collection Policy, and/or 29 U.S.C. §1132(g)(2), the Defendant is obligated to Plaintiff Funds and Plaintiff Union in an amount yet to be determined upon completion of the audit, together with liquidated damages and interest thereon.

13. Pursuant to the above referenced collective bargaining agreements, Plaintiff Funds' Trust Agreements and Collection Policy, and/or 29 U.S.C. §1132(g)(2)(D), the Defendant is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs in this action.

14. A copy of this complaint will be served upon the Secretary of Labor and Secretary of Treasury as required by ERISA, 19 U.S.C. § 1132(h).

**WHEREFORE**, Plaintiffs pray this Court will:

A. Order the Defendant to provide access to its records for the period of January 1, 2015 through December 31, 2016 in order that the Plaintiffs may complete their audit;

B. Award judgment to each plaintiff against the Defendant for the amount of contributions and dues to be subsequently determined upon the completion of the audit to be due each Plaintiff, together with interest and liquidated damages thereon;

C. Require the Defendant to pay the cost of this proceeding, including attorney fees and auditor fees;

D. Award Plaintiffs such other and further relief against the Defendant as to the Court may seem meet and proper.

> INTERNATIONAL UNION OF OPERATING ENGINEERS,
> LOCAL NO. 132 HEALTH AND WELFARE FUND,
> INTERNATIONAL UNION OF OPERATING ENGINEERS,
> LOCAL NO. 132 PENSION FUND; INTERNATIONAL
> UNION OF OPERATING ENGINEERS, LOCAL NO. 132
> APPRENTICESHIP AND SKILL IMPROVEMENT FUND;
> INTERNATIONAL UNION OF OPERATING ENGINEERS,
> LOCAL 132 ANNUITY AND SAVINGS FUND; and
> INTERNATIONAL UNION OF OPERATING ENGINEERS,
> LOCAL NO. 132, AFL-CIO
> By Counsel

/s/ Lawrence B. Lowry
Lawrence B. Lowry (W.Va. Bar No. 2260)
BARRETT, CHAFIN, LOWRY & AMOS
P. O. Box 402
Huntington, WV 25708-0402
(304) 529-2434
FAX (304) 529-6179
lblowry@iuoe132.org
Counsel for Plaintiffs